UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| PLAQUEMINES PARISH<br>    Plaintiff | CIVIL ACTION |
| VERSUS | NO. 13-6706 |
| LINDER OIL COMPANY, et al.<br>    Defendants | SECTION "E" |

ORDER AND REASONS

Before the Court is a Motion to Remand to State Court filed by Plaintiff Plaquemines Parish ("the Parish").[1] For the reasons that follow, the motion to remand is **GRANTED**.

BACKGROUND

This case is one of many filed in state court by the Parish against various defendants for alleged violations of permits issued pursuant to the State and Local Coastal Resources Management Act of 1978.[2] The Defendants removed this case to federal court, and the Parish filed a motion to remand.[3] On April 17, 2014, the Court granted the parties' joint motion to stay the proceedings until Judge Zainey resolved a motion to remand presenting substantially identical issues.[4]

On December 1, 2014, Judge Zainey issued a thorough, well-reasoned order and reasons remanding the action before him to state court.[5] Judge Zainey found that the Court lacked subject-matter jurisdiction based on diversity, the Outer Continental Shelf

---

[1] R. Doc. 18.
[2] R. Doc. 1-1 at p. 18.
[3] R. Doc. 18.
[4] R. Doc. 26.
[5] *See Parish of Plaquemines v. Total Petrochemical & Refining USA, Inc.*, No. 13-6693, 2014 WL 6750649 (E.D. La. Dec. 1, 2014) (Zainey, J.).

1

Lands Act ("OCSLA"), admiralty, or federal question. Relying on Judge Zainey's ruling, Judge Africk granted remand in the case before him shorty thereafter.[6] Judge Lemelle also remanded his four actions to state court for substantially the same reasons.[7] Last month, Judge Feldman remanded his five cases,[8] and Judge Barbier recently remanded two cases presenting substantially identical issues.[9] This Court assumes familiarity with the aforementioned orders. Following Judge Zainey's ruling, the Court issued an order setting a briefing schedule on the motion to remand.[10] Briefing has been completed, and the motion to remand is ripe for decision.

In the present case, the Parish asserts permit-violation claims relating to a different geographic area as compared to the cases before the other sections of this court.[11] Although different areas and permits are involved, the cases are functionally indistinguishable. For the purposes of resolving this motion, the Court notes that (1) at least one defendant is a citizen of Louisiana;[12] (2) the conduct that allegedly violated the permits occurred within Plaquemines Parish and not on the Outer Continental Shelf ("OCS"), and (3) the Parish in its Petition disclaims, at great length, any claims other than "state law claims arising under the [applicable regulations, rules, orders, and ordinances promulgated or adopted under the State and Local Coastal Resources Management Act of 1978]."[13]

---

[6] *See Plaquemines Parish v. Rozel Operating Co., et al.*, No. 13-6722 (E.D. La. Jan. 29, 2015) (Africk, J.).
[7] *See, e.g., Jefferson Parish v. Anadarko E&P Onshore LLC, et al.*, No. 13-6701 (E.D. La. Mar. 9, 2015) (Lemelle, J.).
[8] *See, e.g., Plaquemines Parish v. HHE Energy Company, et al.*, No. 13-6735 (E.D. La. April 29, 2015) (Feldman, J.).
[9] *See, e.g., Plaquemines Parish v. Devon Energy Production Co.*, No. 13-6716 (E.D. La. May 12, 2015) (Barbier, J.).
[10] R. Doc. 33.
[11] R. Doc. 1-1 at p. 19.
[12] *Id.*; R. Doc. 1 at p. 6.
[13] R. Doc. 1-1 at pp. 31–35. "In summary, Plaintiffs limit the claims asserted in this petition to state law claims arising under the [applicable regulations, rules, orders, and ordinances promulgated or adopted

**STANDARD OF LAW**

A defendant's right to remove is strictly statutory in nature.[14] The general removal statute governing civil actions provides: "Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants."[15] Thus, defendants may remove a state court case only if the case could have originally been filed in federal court.[16] As the removing party, the defendants have the burden of establishing the existence of federal subject-matter jurisdiction.[17]

"To determine whether jurisdiction is present for removal, [district courts] consider the claims in the state court petition as they existed at the time of removal."[18] "In assessing whether removal was appropriate, the Court is guided by the principle, grounded in notions of comity and the recognition that federal courts are courts of limited jurisdiction, that removal statutes should be strictly construed."[19]

**ANALYSIS**

In this case, the parties disagree about three potential bases for removal jurisdiction: (1) diversity jurisdiction, (2) OCSLA jurisdiction, and (3) maritime jurisdiction.[20] As noted by Judges Africk and Feldman, this Court likewise "'does not

---

under the State and Local Coastal Resources Management Act of 1978]." *Id.* at p. 34.
[14] *See Carpenter v. Wichita Falls Indep. Sch. Dist.*, 44 F.3d 362, 366 (5th Cir. 1995); *Syngenta Corp. Production, Inc. v. Henson*, 537 U.S. 28, 32 (2002) (citing *Great N.R. Co. v. Alexander*, 246 U.S. 276, 280 (1918) ("The right of removal is entirely a creature of statute.")).
[15] 28 U.S.C.A. § 1441(a).
[16] *Aaron v. Nat'l Union Fire Ins. Co. of Pittsburg, Pa.*, 876 F.2d 1157, 1160 (5th Cir. 1989) (citing *Caterpillar v. Williams*, 482 U.S. 386, 391–92 (1987); 28 U.S.C. § 1441).
[17] *Winters v. Diamond Shamrock Chem. Co.*, 149 F.3d 387, 397 (5th Cir. 1998).
[18] *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).
[19] *J.O.B. Invs., LLC v. Gootee Servs., LLC*, 908 F. Supp. 2d 771, 773 (E.D. La. 2012) (Vance, C.J.) (citing *Manguno*, 276 F.3d at 723).
[20] Although the Notice of Removal cited the Natural Gas Act ("NGA") and Class Action Fairness Act

3

write on a blank canvas with respect to these issues.'"[21] Because "'[t]he Court is persuaded by the thoughtful reasoning in [Judge Zainey's ruling] and sees little benefit in rehashing arguments that have been thoroughly aired and addressed[,] . . . the Court will address the parties' arguments only to the extent that they assert errors in [Judge Zainey's] opinion or raise arguments not briefed in that case.'"[22]

### A.   Diversity Jurisdiction

As in the cases before other sections of this court, complete diversity of citizenship is lacking on the face of the state-court petition because at least one Defendant is a citizen of Louisiana,[23] and the Parish, as a subdivision of the State of Louisiana, is considered a citizen of Louisiana for diversity jurisdiction purposes.[24] The Defendants argue that the Court nevertheless has diversity jurisdiction over the Parish's claims because the Parish has egregiously misjoined in one suit independent actions against diverse and non-diverse Defendants, and the Parish cannot avoid diversity jurisdiction by claiming, with no authority, to represent the State of Louisiana.[25] This is the same argument that has been rejected by Judges Zainey, Africk, Lemelle, Feldman, and Barbier, and this Court finds their reasoning persuasive.

Under the egregious misjoinder theory, as promulgated by the Eleventh Circuit, there may be "fraudulent joinder in instances in which the claim against the diverse defendant has no real connection to the claim against the nondiverse defendant and

---

("CAFA") as additional grounds for removal, Defendants concede in their opposition to the motion to remand that "the facts specific to this case do not appear to support the NGA ground, and intervening case law has altered the applicability of CAFA to these facts." R. Doc. 28 at p. 5 n.1. Accordingly, the Court does not address these grounds for removal.

[21] *Plaquemines Parish v. HHE Energy Company, et al.*, No. 13-6735, p. 3 (E.D. La. April 29, 2015) (Feldman, J.) (quoting *Plaquemines Parish v. Rozel Operating Co., et al.*, No. 13-6722, p. 3 (E.D. La. Jan. 29, 2015) (Africk, J.)).
[22] *Id.* (quoting *Rozel*, No. 13-6722, p. 3).
[23] R. Doc. 1-1 at p. 19; R. Doc. 1 at p. 6.
[24] *See Moor v. Alameda County*, 411 U.S. 693, 717 (1973).
[25] R. Doc. 34 at pp. 3–20.

4

there is no joint, several or alternative liability."[26] The egregious misjoinder theory requires "egregious" misjoinder of parties with no real connection to each other to constitute fraudulent joinder under federal law—mere misjoinder is not sufficient.[27]

Louisiana Code of Civil Procedure article 461 defines "cumulation of actions" as "the joinder of separate actions in the same judicial demand, whether by a single plaintiff against a single defendant, or by one or more plaintiffs against one or more defendants."[28] A plaintiff may cumulate claims against multiple defendants in Louisiana state court if "[t]here is a community of interest between the parties joined."[29] This requirement is met "'where enough factual overlap is present . . . to make it commonsensical to litigate them together.'"[30] As noted by Judge Zainey, this community of interest standard "is a 'liberal' one and it encompasses not only the parties' causes of action but also their defenses."[31]

The Defendants take issue with several aspects of Judge Zainey's analysis, raising arguments that Judges Africk, Lemelle, Feldman, and Barbier have rejected. The Defendants contend "[t]he claims against one Defendant have nothing to do with the claims against another Defendant."[32] They argue this is because the activities occurred in different geographic areas by different Defendants at different periods in time and

---

[26] *J.O.B Investments, LLC v. Gootee Servs., LLC*, 908 F. Supp. 2d 771, 774 (E.D. La. 2012) (Vance, C.J.) (citing *Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353 (11th Cir. 1996), *abrogated on other grounds by Cohen v. Office Depot, Inc.*, 204 F.3d 1069 (11th Cir. 2000)).
[27] *Id.*
[28] La. Code Civ. P. art. 461.
[29] La. Code Civ. P. art. 463. In addition, "[e]ach of the actions cumulated [must be] within the jurisdiction of the court and [be] brought in the proper venue," and "[a]ll of the actions cumulated [must be] mutually consistent and employ the same form of procedure." *Id.*
[30] *J.O.B Investments*, 908 F. Supp. 2d at 776 (quoting *Mauberret–Lavie v. Lavie*, 850 So.2d 1, 2 (La. App. 4 Cir. 2003), *writ denied*, 861 So.2d 569 (La. 2003)).
[31] *Parish of Plaquemines v. Total Petrochemical & Ref. USA, Inc.*, No. 13-6693, 2014 WL 6750649, at *5 (E.D. La. Dec. 1, 2014) (Zainey, J.) (citing *Stevens v. Bd. of Trustees of Police Pens. Fund*, 309 So. 2d 144, 147 (La. 1975); La. Code Civ. Pro. art. 463 cmt. (c); *Gill v. City of Lake Charles*, 43 So. 897 (1907)).
[32] R. Doc. 34 at p. 7.

those activities varied by permit.[33] Defendants also argue Judge Zainey improperly focused on the Parish's "holistic" remedy.[34]

The Court joins the reasoning of Judges Zainey, Africk, Lemelle, Feldman, and Barbier in rejecting Defendants' arguments of egregious joinder. Whereas the case before Judge Zainey concerned seven oilfields covering at least 211 square miles and the case before Judge Feldman concerned three oilfields covering a contiguous area of 56 square miles, the instant case involves an even smaller geographic area: *one* oilfield covering about 15 square miles.[35] Additionally, although Defendants argue Judge Zainey improperly focused on the remedy in finding any misjoiner was not egregious, Judge Zainey considered both the alleged injury and remedy in so finding. Though the Parish alleges violations of different permits by different Defendants over different periods of time, the factual overlap in this case, even more so than in the cases before Judge Zainey and Judge Feldman, is the cumulative damage to the oilfield by all of the Defendants, thus making it commonsensical to try the alleged violations together. Assuming the egregious misjoinder theory applies in this Circuit,[36] Defendants have failed to show misjoinder here is egregious. Thus, diversity jurisdiction is lacking.

**B.   OCSLA Jurisdiction**

The Defendants next argue OCSLA establishes original federal question jurisdiction.[37] OCSLA provides, in relevant part:

[T]he district courts of the United States shall have jurisdiction of cases

---

[33] R. Doc. 34 at pp. 6–7.
[34] *Id.* at pp. 13–14.
[35] R. Doc. 1-1 at p. 19; R. Doc. 34 at pp. 7, 10; R. Doc. 37 at p. 13.
[36] *Parish of Plaquemines v. Total Petrochemical & Ref. USA, Inc.*, No. 13-6693, 2014 WL 6750649, at *5 (E.D. La. Dec. 1, 2014) (Zainey, J.) ("As noted above, the Fifth Circuit has not expressly adopted the *Tapscott* misjoinder doctrine as a type of fraudulent joinder. But the Fifth Circuit has alluded to the doctrine favorably." (citations omitted)).
[37] R. Doc. 34 at p. 23.

and controversies arising out of, or in connection with . . . any operation conducted on the outer Continental Shelf which involves exploration, development, or production of the minerals . . . of the outer Continental Shelf, or which involves rights to such minerals . . . .[38]

The Fifth Circuit has stated that "[c]ourts typically assess jurisdiction under [OCSLA] in terms of whether (1) the *activities that caused the injury* constituted an 'operation' 'conducted on the outer Continental Shelf' that involved the exploration and production of minerals, and (2) the case 'arises out of, or in connection with' the operation.[39] It is undisputed that the activities causing the alleged injuries in this case were conducted on land as opposed to on the OCS. The Court therefore adopts the reasoning of Judges Zainey, Africk, Lemelle, Feldman, and Barbier and finds the Court does not have OCSLA jurisdiction over the Parish's claims.

## C. Maritime Jurisdiction

Lastly, the Defendants argue maritime jurisdiction provides an independent basis for exercising federal jurisdiction "because a substantial portion of the Parish's claims arise under maritime law."[40] As in the previous cases before other sections of this court, assuming the Parish's claims are maritime claims, the dispositive issue is whether those claims are removable under 28 U.S.C. § 1441. The Court adopts the reasoning of Judges Zainey, Africk, Lemelle, Feldman, and Barbier and finds any such maritime claims are not removable and were not made removable by the 2011 amendments to the general removal statute. Thus, maritime law does not provide an independent basis for exercising removal jurisdiction over the Parish's claims. The Court also declines to exercise its discretion to certify this question for interlocutory appeal.

---

[38] 43 U.S.C. § 1349(b)(1).
[39] *In re Deepwater Horizon*, 745 F.3d 157, 163 (5th Cir. 2014) (emphasis added).
[40] R. Doc. 34 at pp. 40–42.

## CONCLUSION

For the foregoing reasons, the Court lacks subject-matter jurisdiction over this removed action. Accordingly,

**IT IS ORDERED** that the Parish's motion to remand is hereby **GRANTED.**

**IT IS FURTHER ORDERED** that the above-captioned matter is **REMANDED** to the state court from which it was removed.

New Orleans, Louisiana, this 15th day of May, 2015.

_____
SUSIE MORGAN
UNITED STATES DISTRICT JUDGE